UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20753-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NEIL FAGAN,

        Defendant.
_____/

## ORDER DENYING MOTION TO SEVER

THIS MATTER is before the Court on Defendant Neil Fagan's Motion for Severance [DE-133] of his trial from that of his Co-Defendants Johnson and Arthur. The Court has carefully considered the Motion, the Government's response [DE-139], the Defendant's reply [DE-144], the record in this case and will deny the motion.

The Court will deny the motion because while the Defendant argues three grounds for severance, namely (1) that he and Defendant Arthur have mutually antagonistic defenses, (2) that inculpatory evidence will be admitted against Co-Defendants Arthur and Johnson that would not be admissible against him, and (3) the cumulative effect of these individual grounds, the Defendant has not met his heavy burden of demonstrating actual, compelling prejudice against which the Court can offer no protection. *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009)(setting out four types of prejudicial joinder that can require a severance). For the reasons discussed below, in balancing the potential prejudice to Defendant Fagan's right to a fair trial against the public interest

in joint trials where the case against each defendant arises from the same general transactions, severance is not warranted.

DISCUSSION

This is a mortgage fraud case in which Defendants Fagan, Johnson and Arthur are charged with conspiracy to commit mail and wire fraud and substantive counts of mail fraud. The indictment describes Defendant Fagan as the recruiter, Co-Defendant Arthur as an alleged "straw buyer," and Co-Defendant Johnson as the closing agent for the transactions referenced in the indictment.

### *Antagonistic Defenses Do Not Justify Severance*

Defendant Fagan's first ground for severance is that his defense will be antagonistic and mutually exclusive to that of Defendant Arthur. Arthur's defense will be that she was unaware of any illegal activity regarding the purchase of the two condominiums. She will purportedly testify that she was an unwitting victim of a fraud that Defendant Fagan and his confederates perpetrated against her. Defendant Fagan asserts this defense will be antagonistic to his defense which is that he was also unaware of the false statements that were made on the loan applications and/or closing documents involved in this case. At present, however, it is not obvious to the Court that these defenses are mutually exclusive of each other because both Defendants can take the position that they had no intent or knowledge as to any false statements in the various loan documents. Thus, it has not been shown at this point that in order to believe the core of the testimony offered on behalf of Defendant Arthur, the jury must disbelieve the evidence of Defendant Fagan's lack of knowledge

and intent. *United States v. Berkowitz*, 662 F.2d 1127, 1133-34 (5th Cir. Unit B 1981)[1](describing the test to distinguish antagonistic defenses that do not require severance from those that do).

As the Supreme Court has clarified in *Zafiro v. United States*, 506 U.S. 534, 538 (1993), "mutually antagonistic defenses are not prejudicial *per se*." Compelling prejudice must be shown and a severance should be granted only when there is a serious risk that a joint trial will compromise a defendant's specific constitutional trial right, or that the jury will be prevented from making a reliable judgment about the defendant's guilt or innocence. *Id* at 539-40. Defendant Fagan has not met the first prong of the *Zafiro* test in that he has not shown actual prejudice because the mere existence of mutually antagonistic defenses is not inherently prejudicial. Even if he could show actual rather than potential prejudice to his defense, he has not shown that the joint trial would prejudice him in any other legally cognizable way. He does not come within the situations that mandate a severance as opposed to the protections of curative jury instructions. *United States v. Blankenship*, 382 F.3d 1110, 1122-1126 (11th Cir. 2004)(applying *Zafiro* and setting out the situations in which severance is the only proper remedy for the prejudice rather than a jury instruction or another remedy). Therefore, the Defendant cannot prevail on this ground for severance.

### *Evidence Against Arthur and Johnson Does Not Justify Severance*

Defendant Fagan's second ground for severance is that certain evidence would be admissible against Defendants Arthur and Johnson that would be inadmissible against him. The evidence against Arthur is the closing paperwork relating to a Tampa purchase in which Defendant Arthur

---

[1] Unit B decision of the former Fifth Circuit rendered after September 30, 1981 are binding precedent of the Eleventh Circuit. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

states her actual income and place of residence. Defendant does not object to the admission of these closing documents as long as they are not described as "other crimes or similar acts evidence" because there is nothing illegal about the Tampa mortgage closing. The Government agrees that the Tampa closing is not part of the crimes alleged in the indictment and seeks to introduce the evidence to show what Defendant Arthur stated in the paperwork in a temporally close mortgage closing. The Court has granted Defendant Arthur's request that there will be no reference to this evidence as "other crimes or similar acts evidence" as the evidence is not 404(b) evidence. Therefore, this cannot be considered compelling inculpatory evidence which will prejudicially affect Defendant Fagan.

The 404(b) evidence against Defendant Johnson pertains to her involvement in another fraudulent mortgage transaction around the time of the transactions charged in the indictment. There is no evidence that Defendant Fagan was aware of Defendant Johnson's misconduct in the state court case. Therefore, Defendant Fagan argues that because he is accused of recruiting straw buyers in the case, the introduction of this evidence results in a substantial prejudicial effect because it will allow the jury to infer that Defendant Fagan knew of Defendant Johnson's past criminal activities when he recruited her and will otherwise have a prejudicial "spillover effect." However, Defendant Fagan has failed to demonstrate that the jury will not be able to sift through the evidence and make an individualized determination as to each defendant's guilt or that the jury will not be able to follow the Court's limiting instructions as to how it may consider the 404(b) evidence against Defendant Johnson and her alone. Thus, this argument also fails to support a motion for severance.

The cumulative effect argument at this point is just that -- argument. As discussed above, there remain only two grounds for severance -- Arthur's antagonistic defense and Johnson's 404(b)

evidence. The Defendant has the heavy burden to show compelling prejudice mandating his severance. He has failed to meet that burden based on what has been presented either singularly or cumulatively. He has not shown that Defendant Arthur's defense or the Johnson 404(b) evidence will deny him a constitutional trial right or that the jury will be unable to render a reliable judgment as to Defendant Fagan's guilt or innocence. Where defendants are alleged to be part of the same conspiracy, they should be tried together. At this point, the Court can address any potential prejudice issues through appropriate jury instructions.

For the foregoing reasons, it is

ORDERED that Defendant Fagan's Motion for Severance [DE-133] is DENIED.

DONE AND ORDERED in Miami, Florida this 31st day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record